[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER CONCERNING MOTION FOR RETROACTIVE ALIMONY
CT Page 3099
On September 18, 2000, this court ordered that the defendant pay the plaintiff pendente lite alimony in the amount of $100.00 per week. On said date, due to time constraints, the court could not entertain that portion of the plaintiff's motion which requested that pendente lite alimony be awarded retroactively to the date when the motion was filed. The court indicated that it would hear and decide the retroactivity motion in conjunction with its determination of other pending pendente lite motions, which were to be heard in the future.
Subsequent hearings were conducted on October 12, 2000, November 13, 2000 and December 4, 2000. The court has carefully considered the evidence and testimony adduced at hearing, as well as the memoranda submitted by counsel.
The evidence established that the parties resided together until approximately June 11, 2000, when the defendant was arrested on alleged domestic violence charges. The defendant was thereafter precluded from returning to the marital premises by a protective order issued by the criminal court. The plaintiff had exclusive possession of the marital home from June 11, 2000 until early September, when she relocated to Michigan. The plaintiff was employed by Northeast utilities until she left the state. As noted in its January 31, 2001 memorandum of decision on the contempt motions, the plaintiff acquired $3,627.23 from a joint account at the Dutch Point Federal Credit Union during May and June 2000. The court has previously found it likely that the plaintiff used those funds in connection with her attorneys fees in this matter.
Given the fact that the parties resided together until June 11, 2000, the court finds that it would not be equitable to make the pendente lite alimony award retroactive to the motion's April filing date, or any date prior to their separation.
In their respective memoranda, the parties offered differing perspectives about why the pendente lite alimony motions were not heard in July and August 2000. Both parties appeared in court on August 23, 2000, but the motions were not heard on that date. There is disagreement between the parties as to whether the matter was subsequently docketed or otherwise scheduled for hearing on September 5, 2000, when plaintiff's counsel appeared at court, but the defendant's counsel was not present. As noted above, a pendente lite alimony hearing was held on September 18, 2000.
On September 18, 2000 the court considered all the financial CT Page 3100 circumstances of the parties, and their respective affidavits, in ordering that the defendant pay pendente lite alimony to the plaintiff. Although the plaintiff was not working on that date, the court imputed net weekly income to her of $447.69, based on the financial affidavits she submitted. (Transcript, September 18, 2000, page 88.) It found that the defendant had net weekly wages of $644.00 and ordered the $100.00 per week pendente lite alimony award in an attempt to achieve "rough parity" between the parties. (Transcript, September 18, 2000, pages 88-89.)
The record in this matter does not permit the court to make a finding as to why the pendente lite hearing did not go forward in July, or early August. However, the court concludes that had the matter proceeded on August 23, 2000, when both of the parties were present at court, it would have entered the same alimony award which it subsequently made on September 18, 2000. Accordingly, the court directs that its order requiring the defendant to pay pendente lite alimony of $100.00 per week to the plaintiff be retroactive to August 23, 2000. The defendant is ordered to pay any arrearage due to the plaintiff as a result of this order within 30 days of the date hereof.
SO ORDERED:
BY THE COURT:
Dyer, J.